IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRALE JEROME HILL-PRICE, | Civil No. 3:23-cv-332 |
| Plaintiff | (Judge Mariani) |
| v. | |
| BERNADETTE MASON, TONY HALMECKI, | |
| Defendants | |

## MEMORANDUM

Plaintiff Tyrale Hill-Price ("Hill-Price"), an inmate confined at the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-Mahanoy"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Superintendent Bernadette Mason and Corrections Plumbing Trade Instructor Anthony Helmecki. Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 10). Hill-Price failed to respond to the motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant Defendants' motion.

---

[1] Hill-Price was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 12) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

## I.     Allegations of the Complaint

Hill-Price alleges that, on May 10, 2022, he was using the phone at SCI-Mahanoy when a piece of the ceiling fell and hit him on the head. (Doc. 1, p. 4). He claims that the ceiling was leaking and waterlogged. (*Id.*). Defendant Helmecki and maintenance team members were allegedly working to repair the ceiling when a maintenance team member pulled on it, causing a portion to fall and hit Hill-Price's head. (*Id.*). Hill-Price alleges that maintenance staff negligently failed to clear the area below the ceiling before they began work, which caused his injury. (*Id.* at p. 5). As a result of being struck by a portion of the ceiling, Hill-Price allegedly suffered from headaches and dizziness and required multiple medical appointments for treatment. (*Id.*).

## II.    Legal Standards

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Such jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations are untrue, removing the action from the court's jurisdictional ken; or (2) they may assert a "facial" challenge, which assumes the veracity of the complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)). In either instance, it is

the plaintiff's burden to establish jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.   Rule 12(b)(6)**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.  Discussion

Defendants' Rule 12(b) motion raises both jurisdictional and merits challenges to Hill-Price's claims. The Court's analysis begins, as it must, with Defendants' challenge to the Court's subject-matter jurisdiction.

4

### A. Jurisdictional Challenge

Pursuant to the "well-pleaded complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also* 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). In other words, federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Additionally, 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

In this case, it is clear that all Defendants are citizens of Pennsylvania and diversity of citizenship does not exist, and that Hill-Price does not request damages in excess of $75,000. It is also clear that the face of Hill-Price's complaint does not affirmatively allege a federal claim; he asserts only a state law claim. Thus, the Court lacks subject matter jurisdiction over Hill-Price's claims and the complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Furthermore, as described below, even assuming, *arguendo*, that this Court retains subject matter jurisdiction over Hill-Price's instant claims,

dismissal is warranted under Rule 12(b)(6) because Hill-Price has failed to state a claim for relief.

### B. Merits Challenges

#### 1. *Failure to Allege a Constitutional Violation*

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Hill-Price only alleges negligence, which does not suffice to plead a § 1983 action. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). He does not allege that any of the activities in the complaint resulted in a violation of his constitutional rights. Because Hill-Price has not alleged the violation of a

right secured by the Constitution or laws of the United States, he has failed to state a claim for relief under § 1983. Assuming Hill-Price has alleged a § 1983 claim, he has failed to state a plausible Eighth Amendment claim, as set forth below.

### 2.   *Eighth Amendment Claim*

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). It is well-settled that prison conditions constitute cruel and unusual punishment if they result in serious deprivations of basic human needs. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410 (3d Cir. 2000). A condition of confinement implicates the Eighth Amendment if it is so reprehensible as to be deemed inhumane under contemporary standards or deprives an inmate of minimal civilized measures of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). However, the Eighth Amendment does not mandate that prisons be free of discomfort. *Farmer*, 511 U.S. at 833 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Under *Farmer*, an inmate must show that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is clear that allegations of negligence do not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106.

The length of the inmate's exposure to the alleged unconstitutional conditions and the totality of the circumstances must be considered when making a determination as to cruel and unusual punishment. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *see also Wilson*, 501 U.S. at 305. A prisoner must also establish a specific deprivation of a single, identifiable necessity. *Wilson*, 501 U.S. at 304-05.

Hill-Price alleges that Defendants were negligent in failing to secure the area before working on the ceiling. At best, he alleges negligence which does not suffice to plead deliberate indifference. Hill-Price has failed to properly allege an Eighth Amendment conditions of confinement claim because he has not averred that any Defendant acted with deliberate indifference to a substantial risk of harm. He fails to provide information that any Defendant knew of a risk of serious harm to him and disregarded his complaints. To the contrary, the allegations only demonstrate potential negligence. The Court finds that Hill-Price's allegations are insufficient to rise to an Eighth Amendment claim and this claim will be dismissed.

### 3. *Lack of Personal Involvement*

Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *Id.* at 1207.

Under the most liberal construction, Hill-Price's complaint fails to state a claim for relief against Defendants Mason and Helmecki. It appears that Hill-Price seeks to hold Defendants Mason and Helmecki liable based on their supervisory roles. The complaint does not contain any factual allegations against Defendant Mason. With respect to Defendant Helmecki, Hill-Price seemingly alleges that he failed to properly supervise his maintenance staff members. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207. Accordingly, insofar as Hill-Price's claims against Defendants

9

Mason and Helmecki rely on a *respondeat superior* theory of liability, they are entitled to dismissal from this action.

### 4. *Negligence Claim*

Defendants also seek dismissal of Hill-Price's claim of negligence, arguing that the doctrine of sovereign immunity bars this claim against state employees. (Doc. 11, pp. 10-11). Defendants are entitled to sovereign immunity with respect to Hill-Price's state law claim as it is beyond dispute that "[t]he Department of Corrections is an agency of the Commonwealth and the Defendants, as employees of an agency of the Commonwealth, are entitled to the protection afforded by sovereign immunity." *McGrath v. Johnson*, 67 F.Supp.2d 499, 511 (E.D. Pa. 1999) (citing *Maute v. Frank*, 441 Pa. Super. 401, 402, 657 A.2d 985, 986 (1995) (state prison officials enjoy sovereign immunity); *Robles v. Pennsylvania Dep't of Corrections*, 718 A.2d 882, 884 (Pa. Commw. Ct. 1998) (same)), *aff'd*, 35 F. App'x 357 (3d Cir. 2002). As a general matter, subject only to ten specific statutory exceptions not applicable here, this sovereign immunity bars state law tort claims like the one alleged here, since Commonwealth employees are immune from liability for

either negligence or intentional torts.[2] *McGrath*, 67 F.Supp.2d at 511, *aff'd*, 35 F. App'x 357 (3d Cir. 2002). Therefore, the Court will dismiss this claim.

## IV. Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The Court finds that granting leave to amend would be futile based on the factual and legal defects identified in Hill-Price's complaint; further amendment would not cure the defects identified herein.

---

[2] The ten categories for which sovereign immunity will not apply are: (1) vehicles in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody, or control of personal property; (4) a dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous conditions of highways created by potholes or sinkholes; (6) the care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. *See* 42 PA. CONS. STAT. ANN. § 8522(b).

## V.     Conclusion

Based on the foregoing, the Court will grant Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  (Doc. 10).

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: June __2__, 2023